UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                :
FREDERICK PENROSE,                          :

              Plaintiff,             :

                                         :          22 Civ. 2184 (JPC)
         -v-                     :
                                         :          OPINION AND ORDER OF
                                         :                TRANSFER
NEW YORK LIFE INSURANCE COMPANY and LIFE  :
INSURANCE COMPANY OF NORTH AMERICA,     :
                :
              Defendants.           :
                :
------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      Plaintiff Frederick Penrose sues Defendants New York Life Insurance Company ("NY Life") and Life Insurance Company of North America ("LINA") for failure to pay certain benefits due under an employee benefit plan, in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* Before the Court is Defendants' motion seeking dismissal on various grounds and, as alternative relief, transfer of this case to the District of Utah or the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a). For the reasons that follow, the Court orders that this case be transferred to the District of Utah.

## I. Background

**A.    Factual Allegations**[1]

Plaintiff, a resident of Utah, was previously employed by a company called Wipro Limited ("Wipro"). Am. Compl. ¶¶ 4, 7; Pl. Witness List ¶¶ 1, 2. In connection with that employment, Plaintiff was enrolled in the Wipro Health and Welfare Plan (the "Plan"), an ERISA employee welfare benefit plan. Am. Compl. ¶¶ 7-8. The Plan's benefits are insured and underwritten by LINA, an insurance company located in Philadelphia, Pennsylvania, under a group long term disability policy that LINA issued to Wipro. *See id.* ¶ 9; 7/31/23 Collins Declaration ¶ 3. NY Life acquired LINA in December 2020 and has been LINA's "parent company" since. Am Compl. ¶¶ 5-6.

On September 16, 2018, Plaintiff stopped working due to his medical condition of Periodic Limb Movement Disorder, which causes "poor sleep and cognitive impairments." *Id.* ¶ 11. Plaintiff subsequently applied for long term disability benefits under the Plan, which LINA approved. *Id.* ¶¶ 13, 14. Plaintiff began receiving those benefits on March 7, 2019. *Id.* ¶ 14. Benefits checks were sent via mail directly to Plaintiff at his residence in Utah or to his attorneys in Houston, Texas. 7/31/23 Collins Declaration ¶ 1.

LINA terminated Plaintiff's benefits claim on March 16, 2021. Am. Compl. ¶ 15. Plaintiff appealed the termination on September 2, 2021 through a letter enclosing medical records and opinions from Dr. Aaron Starbuck and Dr. Jeremy Stoddart, both of whom are located in Utah. *Id.*

---

[1] This section is drawn primarily from the allegations in the First Amended Complaint, Dkt. 18 ("Am. Compl"), and supplemental declarations submitted by the parties with information concerning the names and locations of witnesses who may have knowledge relevant to Plaintiff's claims, specifically the July 31, 2023 declaration of Alexandria Collins, a Senior Operations Representative for LINA, Dkt. 45 ("7/31/23 Collins Declaration"); *see* Dkt. 34 ¶ 1, and the August 1, 2023 declaration of Audrey Dolmovich, one of Plaintiff's attorneys in this matter, Dkt. 48 ("Pl. Witness List").

¶ 16; Pl. Witness List ¶ 4.  After LINA eventually sent Plaintiff his medical reviews, Plaintiff responded with additional evidence on January 24, 2022 and January 28, 2022.  Am. Compl. ¶¶ 18-21.  Plaintiff also provided evidence from Sarah McEvoy, PA, and Dr. Kevin Wilson, both of whom also are located in Utah, and from Wallace Stanfill, M.Ed, L.P.C., who is located in Houston.  Pl. Witness List ¶ 4.

**B.     Procedural History**

Plaintiff initiated this action on March 17, 2022.  Dkt. 1.  The initial Complaint included only NY Life as a defendant.  *Id.*  On July 31, 2022, Plaintiff requested leave to file an amended complaint that would add LINA as a defendant.  Dkt. 14.  Plaintiff explained that LINA is a subsidiary of NY Life, and that LINA underwrote and issued the policy at issue.  *Id.*  On August 2, 2022, the Court granted Plaintiff leave to amend.  Dkt. 17.  Plaintiff filed the Amended Complaint on August 9, 2022, naming both NY Life and LINA as defendants.  *See generally* Am. Compl.

On August 24, 2022, LINA filed a letter asserting that it was "sued herein incorrectly as New York Life Insurance Company" and requesting an extension on its deadline to file an answer.  Dkt. 20.  The Court granted the request, adjourning LINA's deadline to answer to September 9, 2022.  Dkt. 21; *see also* Dkt. 24 (extending Defendants' deadline to answer to September 14, 2022).  In the same Order, the Court directed the parties to file a letter, jointly or separately, by August 31, 2022, explaining how the parties intended to proceed, given LINA's assertion that it was "sued herein incorrectly as New York Life Insurance Company."  Dkt. 21.  On September 8, 2022, the Defendants filed a letter seeking leave to move to dismiss Plaintiff's claims against NY Life on the grounds that NY Life was not involved in administering the Plan and was thus improperly joined.  Dkt. 25 at 1.  Defendants also maintained in that pre-motion letter that the

3

claims against LINA should be dismissed because venue is not proper in this District, noting that Plaintiff is a resident of Utah and that LINA is incorporated under the laws of Pennsylvania with its principal place of business in that state. *Id.* at 2. The parties also proposed a briefing schedule for Defendants' anticipated motion to dismiss. *Id.*

Upon receiving this letter, the Court scheduled a status conference to discuss Defendants' anticipated motion for September 20, 2022. Dkt. 26. However, less than one week before that conference, on September 14, 2022, Defendants filed an Answer to the Amended Complaint. *See generally* Dkt. 29. In their Answer, Defendants denied several of the allegations made in Plaintiff's Amended Complaint but failed to raise any of the defenses contemplated in Defendants' pre-motion letter, aside from asserting that NY Life was not a proper party. *Id.* ¶ 4.

During the September 20, 2022 status conference, the Court asked Defendants why they filed their Answer if they intended to move to dismiss pursuant to Federal Rule of Civil Procedure 12(b). Dkt. 36 ("9/20/22 Tr.") at 2:17-4:1; *see* Fed. R. Civ. P. 12(b) (listing defenses that may be presented by motion, but "must be made before pleading if a responsive pleading is allowed," to include motions for "improper venue" and "failure to state a claim upon which relief can be granted"). Defendants reiterated their position that NY Life is not a proper party but did not explain why they filed an Answer before their contemplated motion under Rule 12(b)(6). 9/20/22 Tr. at 3:9-4:25. Defendants also expressed their view that venue was improper in this District but did not fully explain how they intended to move to dismiss for improper venue pursuant to Rule 12(b)(3), given that they had already filed an Answer. *Id.* at 4:11-12. The Court suggested that if Defendants still intended to file a dispositive motion, Rule 12(b) may not be the right vehicle, and inquired whether they planned to file a motion for judgment on the pleadings under Rule 12(c). *Id.* at 4:6-10. Plaintiff, on the other hand, largely elided the issue of venue when asked by the

4

Court. *Id.* at 4:21-6:7. Rather than directly responding to the Court's question as to whether venue in the Southern District of New York is *convenient*, the consideration under 28 U.S.C. § 1404(a), Plaintiff merely reiterated his position that venue in this District is *proper* under ERISA. *Id.* at 5:10-15. Plaintiff further contended that NY Life, as LINA's parent company, exhibited substantial control over LINA and was the decision-maker with respect to Plaintiff's receipt of benefits under the Plan, and that traditional venue considerations do not apply in ERISA cases. *Id.* at 5:10-19.

Following the conference, and despite the discussion of the inapplicability of Federal Rule of Civil Procedure 12(b), Defendants filed the instant motion primarily under Rule 12(b). *See* Dkts. 33 ("Notice of Motion"), 34, 35 ("Defts. Br."). In particular, Defendants move for an order (1) dismissing the Amended Complaint against NY Life for failure to state a claim pursuant to Rule 12(b)(6); (2) dismissing the Amended Complaint against LINA for lack of personal jurisdiction pursuant to Rule 12(b)(2), and, if necessary, allowing LINA to amend its Answer to assert an affirmative defense of lack of personal jurisdiction under Rule 15(a)(2); and (3) dismissing the action for improper venue pursuant to Rule 12(b)(3) and 28 U.S.C. § 1406(a). Notice of Motion at 1-2. In the alternative, Defendants urge the Court to transfer this case in the interest of justice under 28 U.S.C. 1404(a). Defts. Br. at 12-14; *see also* Notice of Motion at 2 (citing 28 U.S.C. § 1406 as basis to "transfer[] the action to a district where venue is proper"). Defendants assert that the action "clearly could have been brought in the District of Utah or a District in Pennsylvania," as Plaintiff is a resident of Utah, and LINA is both incorporated in and has its principal place of business in Pennsylvania. Defts. Br. at 13. Plaintiff filed his brief in opposition to Defendants' motion on November 23, 2022. Dkt. 39 ("Opposition"). Like Defendants' opening brief, the Opposition also addresses the issue of transfer under section

5

1404(a). *See id.* at 3-5. Defendants replied on December 8, 2022. Dkt. 41. On July 23, 2023, the Court ordered the Plaintiff (and also gave Defendants the opportunity) to submit declarations addressing, *inter alia*, the locations of witnesses who may have knowledge relevant to Plaintiff's claims. Dkt. 42. The parties submitted declarations on July 31, 2023, Dkts. 43-45, and, after being prompted by the Court, Dkt. 46, Plaintiff submitted a supplemental declaration that more directly responded to the Court's July 23, 2023 Order on August 1, 2023, *see* Pl. Witness List.

## II. Legal Standard

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a); *see also W.P.V. v. United States*, No. 21 Civ. 4436 (JPC), 2023 WL 1991426, at *3 (S.D.N.Y. Feb. 14, 2023). "Courts apply a two-part test to determine whether to grant a motion to transfer venue." *Glotser v. Boardwalk Regency LLC*, No. 20 Civ. 2654 (JPC), 2023 WL 2162063, at *3 (S.D.N.Y. Feb. 22, 2023). First, as a threshold inquiry, the court must decide whether "the transferee district" is "one where jurisdiction over the defendant could have been obtained at the time suit was brought, regardless of defendant's consent." *Sentegra, LLC v. ASUS Computer Int'l*, No. 15 Civ. 3768 (GHW), 2016 WL 3093988, at *2 (S.D.N.Y. June 1, 2016).

Once that requirement is established, courts turn to the question of "whether transfer is appropriate." *Burgos v. United States*, No. 16 Civ. 7091 (RA), 2017 WL 2799172, at *2 (S.D.N.Y. June 27, 2017) (quoting *Freeplay Music, LLC v. Gibson Brands, Inc.*, 195 F. Supp. 3d 613, 616 (S.D.N.Y. 2016)). The inquiry considers whether the transfer is "in the interest of justice and convenience of the parties and witnesses," with courts often guided by nine factors:

> (1) the convenience of the witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative ease of access to sources of proof;

6

(4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice.

*Sentegra*, 2016 WL 3093988, at *2 (citations omitted).  The moving party must demonstrate that these factors militate toward transfer by clear and convincing evidence.  *See N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 113-14 (2d Cir. 2010); *see also W.P.V.*, 2023 WL 1991426, at *3.

### III.  Discussion

For the reasons discussed, the Court finds that transfer to the District of Utah would be proper.[2]  The first requirement of transfer under section 1404(a) is satisfied.  "[T]he transferee district" must be "one where jurisdiction over the defendant could have been obtained at the time suit was brought, regardless of defendant's consent."  *Sentegra*, 2016 WL 3093988, at *2. ERISA's broad venue provision permits jurisdiction "where the plan is administered, where the breach took place, or where a defendant resides or may be found."  29 U.S.C. § 1132(e).  As Plaintiff resides and worked in Utah, received benefits checks in Utah, and had his benefits terminated while residing in Utah, venue would be proper in the District of Utah.  *See* Am. Compl. ¶ 4; 7/31/23 Collins Declaration ¶ 1; *see also Paulson v. Guardian Life Ins. Co. of Am.*, 614 F. Supp. 3d 1, 7 n.3 (S.D.N.Y. 2022) ("[M]ost courts in the Second Circuit find that for the purposes

---

[2] While styled as a dispositive motion under Federal Rule of Civil Procedure 12(b), *see* Dkt. 33, the Court construes Defendants' Motion as also seeking transfer under 28 U.S.C. § 1404(a).  Defendants affirmatively address this as alternative non-dispositive relief in their opening brief, *see* Motion at 12-14, and Plaintiff make an argument opposing venue transfer under 28 U.S.C. § 1404(a) in his Opposition, *see* Opposition at 3-5.  But regardless, the Court may also transfer the action under 28 U.S.C. § 1404(a) *sua sponte*.  *See Mobil Corp. v. S.E.C.*, 550 F. Supp. 67, 69-70 (S.D.N.Y. 1982).  Whether transfer is raised *sua sponte* or by the parties, the analysis under 28 U.S.C. § 1404 remains the same.  *See Williams v. Keonigsmann*, No. 14 Civ. 2498 (NSR), 2021 WL 918769, at *6 (S.D.N.Y. Mar. 10, 2021).

of ERISA, the 'breach' takes place in the district where the plaintiff was to receive benefits."). Thus, the Court turns to analyzing the nine factors guiding the second prong: "whether transfer is appropriate." *Burgos*, 2017 WL 2799172, at *2.

A.      **Convenience of the Witnesses**

"The convenience of both party and nonparty witnesses is probably considered the single most important factor in the analysis of whether a transfer should be granted." *Aerotel, Ltd. v. Sprint Corp.*, 100 F. Supp. 2d 189, 197 (S.D.N.Y. 2000) (internal quotation marks omitted). "Because the 'core' inquiry under § 1404(a) is where the 'center of gravity of the litigation' is located, courts 'routinely transfer cases when the principal events occurred, and the principal witnesses are located, in another district.'" *Ruiz ex rel. E.R. v. United States*, No. 13 Civ. 1241 (KAM) (SMG), 2014 WL 4662241, at *11 (E.D.N.Y. Sept. 18, 2014) (quoting *Viacom Int'l, Inc. v. Melvin Simon Prods., Inc.*, 774 F. Supp. 858, 868 (S.D.N.Y. 1991)). "When weighing the convenience of the witnesses, courts must consider the materiality, nature, and quality of each witness, not merely the number of witnesses in each district." *Freeplay Music*, 195 F. Supp. 3d at 617 (internal quotation marks omitted). Importantly, "[t]he convenience of non-party witnesses is accorded more weight than that of party witnesses." *Indian Harbor Ins. Co. v. Factory Mut. Ins. Co.*, 419 F. Supp. 2d 395, 402 (S.D.N.Y. 2005); *see also Glotser*, 2023 WL 2162063, at *3.

In addition to himself, Plaintiff has identified several witnesses with relevant information to the dispute who reside in Utah. For example, his mother, his sister, and his brother-in-law were all aware of his disability and all reside in Salt Lake City, Utah. Pl. Witness List ¶ 1. In addition, Drs. Aaron Starbuck, Maya Thomas, Jeremy Stoddart, and Kevin Wilson, as well as Sara McEvoy, PA, all provided Plaintiff with treatment and/or medical records, opinions, or other evidence in

support of his benefits appeal, and all reside in the District of Utah. *Id.* ¶ 4. Moreover, Plaintiff has not identified a single witness residing in this District.[3]

Plaintiff mainly argues that this factor should not carry any weight "[s]ince this is an ERISA case litigated on a closed record." Dkt. 43. However, other courts in this Circuit have rejected similar arguments, noting that "[w]hile this factor may [ultimately] be less significant in ERISA context, . . . to the extent there is a possibility for the need for witnesses, this factor weighs in favor of transfer." *Paulson*, 614 F. Supp. 3d at 9; *see also Nuss v. Guardian Life Ins. Co. of Am.*, No. 20 Civ. 9189 (MKV), 2021 WL 1791593, at *4 (S.D.N.Y. May 5, 2021) (rejecting the plaintiff's argument that the convenience of witnesses factor "simply is not implicated because this is an ERISA case" because "at this stage, the factor remains relevant since the Court is not prepared to assume that no witness testimony will be needed"); *Tritt v. Automatic Data Processing, Inc. Long Term Disability Plan Adm'r*, No. 07 Civ. 2065 (CFD), 2008 WL 2228841, at *3 (D. Conn. May 27, 2008) (rejecting the plaintiff's argument that "as this is an ERISA case, the convenience of these potential witnesses is irrelevant because their testimony may not be required" because "should these witnesses be required to testify, most of them reside in" the transferee district). While the Court affords the convenience of witnesses factors less weight in this case than it would in a non-ERISA case, it will not disregard this factor entirely. Rather, like the courts in *Paulson*, *Nuss*, and *Tritt*, this Court declines to conclude at this stage that no witness testimony

---

[3] While Plaintiff claims that Nalini Naidu and Namita Seth—two former co-workers at Wipro with whom Plaintiff worked and who might have knowledge of his medical conditions and/or were responsible for administering the Plan—live in "East Brunswick, *NY*," Pl. Witness List ¶¶ 2(b), (c) (emphasis added), the Court assumes this to refer to East Brunswick, New Jersey, not New York. A search on Google Maps for "East Brunswick" only returns a result for East Brunswick, New Jersey. *See* East Brunswick, http://maps.google.com (enter "East Brunswick" in search field). And even if a town called "East Brunswick" does exist in the State of New York, it is not in the Southern District of New York which only encompasses Manhattan, the Bronx, and Westchester, Putnam, Rockland, Orange, Dutchess, and Sullivan Counties.

will be required to resolve Plaintiff's claims. *See Krizek v. Cigna Grp. Ins.*, 345 F.3d 91, 97 (2d Cir. 2003) ("A district judge may expand its review of an administrative decision beyond the record in front of the claims administrator upon finding good cause warranting the introduction of additional evidence." (internal quotation marks omitted)). And because Plaintiff has identified multiple witnesses residing in Utah—in particular, his treating doctors—and no witnesses in this District, this factor favors transfer. *See Paulson*, 614 F. Supp. 3d at 9-10 (finding that the convenience of witnesses factor favored transfer when "many of the physicians [the plaintiff] consulted in putting together her appeal" resided in the transferee district); *Nuss*, 2021 WL 1791593, at *5 (similar).

**B.      Convenience of the Parties**

"When analyzing the convenience of the parties, courts generally look to the parties' principal places of business, the location of their offices, or their residences." *Nuss*, 2021 WL 1791593, at *5. This factor generally favors transfer "when transfer would increase convenience to the moving party without generally increasing inconvenience to the non-movant." *Dickerson v. Novartis Corp.*, 315 F.R.D. 18, 29 (S.D.N.Y. 2016). Ordinarily, the factor becomes neutral when transfer would merely shift the inconvenience from the non-movant to the movant. *See Glotser*, 2023 WL 2162063, at *5; *see also Flood v. Carlson Rests. Inc.*, 94 F. Supp. 3d 572, 578 (S.D.N.Y. 2015). This case is somewhat atypical, however, because one of the movants, NY Life, is seeking to transfer to the district in which the non-movant, Plaintiff, resides. Thus, at first glance, transfer would seem to have the rather odd result of shifting convenience from the movant to the non-movant. But because NY Life and LINA (which resides in Pennsylvania) have affirmatively moved to transfer to the District of Utah, they have "express[ed] that [they] will not be inconvenienced by the proposed transfer." *Dickerson*, 315 F.R.D. at 29. And because transfer

to the District of Utah would certainly seem more convenient for Plaintiff, since he resides there, the Court finds that this factor favors transfer. *See id.* at 29-30; *see also Nuss*, 2021 WL 1791593, at *5-6 (finding that the convenience of the parties factor favored transfer to the plaintiff's home district "because litigating in [the transferee district] would not shift any burden to Plaintiff, and indeed, would be significantly more convenient for Plaintiff given her medical condition").

### C. Location of Relevant Documents

The location of relevant documents has become a largely neutral factor in the modern world of scanning and emailing documents of all sizes with ease. *See Monfried v. Sigma Fin. Corp.*, No. 15 Civ. 2806 (VSB), 2016 WL 9724977, at *4 (S.D.N.Y. June 14, 2016); *Barry v. United States*, No. 21 Civ. 7684 (BCM), 2022 WL 4467504, at *6 (S.D.N.Y. Sept. 26, 2022). Neither party has pointed to any specific document or piece of evidence in either the Southern District of New York or the District of Utah. This factor is therefore neutral. *See W.P.V.*, 2023 WL 1991426, at *5.

### D. Locus of Operative Facts

"The location of the operative events is a primary factor in determining a § 1404(a) motion to transfer," *Alpha Indus., Inc. v. Alpha Clothing Co. LLC*, No. 21 Civ. 87 (KPF), 2021 WL 2688722, at *6 (S.D.N.Y. June 30, 2021) (internal quotation marks omitted), because "transfer to a district where the key operative events occurred serves the interests of justice," *Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.*, 928 F. Supp. 2d 735, 745 (S.D.N.Y. 2013) (internal quotation marks omitted). "To determine where the locus of operative facts lies, courts look to the site of events from which the claim arises." *Guccione v. Harrah's Mktg. Servs. Corp.*, No. 06 Civ. 4361 (PKL), 2009 WL 2337995, at *8 (S.D.N.Y. July 29, 2009) (internal quotation marks omitted). "In ERISA cases specifically, courts consider, *inter alia*, where the plaintiff lived,

11

worked, applied for benefits, and received payments." *Nuss*, 2021 WL 1791593, at *7; *see also Paulson*, 614 F. Supp. 3d at 8.

These considerations overwhelmingly weigh in favor of transfer to the District of Utah. According to the Amended Complaint and the parties' supplemental declarations, all operative events in this case occurred in the District of Utah. Plaintiff "is currently and was at all relevant times[] a resident of Utah," Am. Compl. ¶ 4, meaning that he likely worked for Wipro in Utah, and also applied for, received, and subsequently was denied benefits in the District of Utah. *See* 7/31/23 Collins Declaration ¶ 1 ("Benefit checks were sent to Mr. Penrose in Alpine, Utah and/or Orem, Utah, and/or to his attorneys . . . in Houston, Texas."); *see also* Pl. Witness List ¶ 1. Plaintiff also was treated by several physicians residing in Utah. *See* Pl. Witness List ¶ 4. In contrast, the only connection to the Southern District of New York is that NY Life is located here. But the Plan was underwritten and administered entirely by LINA, which resides in Pennsylvania. Am. Compl. ¶ 9; 7/31/23 Collins Declaration" ¶ 3. And NY Life acquired LINA in December 2020—shortly before Plaintiff's benefits were terminated in March 2021. Am. Compl. ¶¶ 5-6, 14-15. Thus, the majority of Plaintiff's benefits were administered prior to NY Life's acquisition of LINA, thereby further diminishing NY Life's relevance to this litigation (and thus this District's connection to the operative facts). Accordingly, this factor strongly favors transfer. *See McQuennie v. Carpenters Local Union 429*, No. 15 Civ. 432, 2015 WL 6872444, at *4 (D. Conn. Nov. 9, 2015) (concluding that all of the operative facts in an ERISA case occurred in the transferee district, which was the location of the plaintiff's employment resulting in contributions to the trust, his history of interactions and communications with the trust, and the trust's denial of his claims); *see also Paulson*, 614 F. Supp. 3d at 9 (similar); *Nuss*, 2021 WL 1791593, at *7 (similar).

### E. Availability of Process to Compel Attendance of Unwilling Witnesses

The fifth factor "requires a consideration of the court's power to compel attendance of unwilling witnesses, as a district court only can subpoena witnesses within the district or within 100 miles of the [court]." *Fuji Photo Film Co. v. Lexar Media, Inc.*, 415 F. Supp. 2d 370, 375 (S.D.N.Y. 2006); *accord* Fed. R. Civ. P. 45(c)(1) ("A subpoena may command a person to attend a trial, hearing, or deposition only . . . (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person . . . ."). However, this factor is "generally relevant only with respect to third-party witnesses, because employee witnesses are subject to compulsory process in either forum by virtue of their employment relationship with a party." *Ruiz*, 2014 WL 4662241, at *11 (internal quotation marks omitted).

Here, neither party has submitted affidavits or other evidence suggesting that any prospective non-party witnesses would decline to voluntarily appear in either district. *See W.P.V.*, 2023 WL 1991426, at *6 (collecting cases). That said, eight of the identified witnesses appear to live within the District of Utah (and thus over 100 miles from this District), whereas only two of the identified witnesses would even possibly live within 100 miles of this District.[4] Accordingly, this factor is either neutral or slightly favors transfer.

### F. Relative Means of the Parties

"Where a disparity exists between the means of the parties, a court may consider the relative means of the parties in determining venue." *Aerotel*, 100 F. Supp. 2d at 197. Typically,

---

[4] The Court takes judicial notice of the fact that East Brunswick, New Jersey, assuming that is where potential witnesses Nalini Naidu and Namita Seth reside, *see supra* n.3, appears to be approximately 36.7 miles by car from the undersigned's Courthouse. *See* Driving Directions from 500 Pearl Street, New York, NY 10007 to East Brunswick, Google Maps, http://maps.google.com (follow "Directions" hyperlink; then search starting point field for "500 Pearl Street, New York, New York 10007" and search destination field for "East Brunswick").

13

"a party arguing for or against a transfer because of inadequate means must offer documentation to show that transfer (or lack thereof) would be unduly burdensome to his finances," *It's a 10, Inc. v. PH Beauty Labs, Inc.*, 718 F. Supp. 2d 332, 338 (S.D.N.Y. 2010) (internal quotation marks and brackets omitted), which no party has done. However, the Court may consider "the relative means of an individual plaintiff in contrast to a large company" in the transfer analysis. *Scherillo v. Dun & Bradstreet, Inc.*, 684 F. Supp. 2d 313, 329 (E.D.N.Y. 2010); *see also Schwartz v. Marriott Hotel Services, Inc.*, 186 F. Supp. 2d 245, 251 (E.D.N.Y. 2022) (similar). Accordingly, this factor is either neutral or favors transfer, given that both Defendants are corporate entities whereas Plaintiff, who is located in the District of Utah, alleges that he has been unemployed due to disability since September 2018, Am. Compl. ¶ 11, and has not received any disability benefits since March 2021, *id.* ¶ 14.

### G.    Forum's Familiarity with the Governing Law

This action arises under ERISA, a federal statute, with which every federal court is presumed to be sufficiently familiar. *See Paulson*, 614 F. Supp. 3d at 10; *Nuss*, 2021 WL1791593, at *8. As such, this factor is neutral.

### H.    Weight Accorded to Plaintiff's Choice of Forum

Plaintiff is correct that his "choice of forum is generally entitled to deference." *Am. Eagle Outfitters, Inc. v. Tala Bros. Corp.*, 457 F. Supp. 2d 474, 479 (S.D.N.Y. 2006); *see* Opposition at 5. That deference, however, "'is significantly diminished' where, as here, 'the operative facts have no connection to the chosen district.'" *Larca v. United States*, No. 11 Civ. 3952 (JMF), 2012 WL 6720910, at *3 (S.D.N.Y. Dec. 16, 2012) (quoting *Carder v. D & D Jewelry Imports*, 510 F. Supp. 2d 344, 346 (S.D.N.Y. 2007)). Moreover, "many courts accord this factor less weight in the transfer context than in a *forum non conveniens* motion, since a transfer motion does not seek

14

dismissal of the complaint." *Jones v. United States*, No. 02 Civ. 1017 (JG), 2002 WL 2003191, at *3 (E.D.N.Y. Aug. 26, 2002).  Thus, "district courts should locate the degree of deference to be afforded a plaintiff's forum choice on a sliding scale."  *Maverick Fund, L.D.C. v. Lender Processing Servs., Inc.*, No. 13 Civ. 5474 (DLC), 2013 WL 6467889, at *2 (S.D.N.Y. Dec. 10, 2013) (internal quotation marks omitted).  In the ERISA context, "[w]here[] 'the plaintiff's choice is not her home forum,' her choice receives less weight because 'the assumption that the chosen forum is appropriate is in such cases 'less reasonable.'"  *Nuss*, 2021 WL 1791593, at *3 (quoting *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007)); *see also Paulson*, 614 F. Supp. 3d at 7 (In the ERISA context, "a plaintiff's choice of forum is given less weight when her choice of forum is not where she resides.").

This District is not Plaintiff's home, and the operative facts in this case have no connection to this District.  *See supra* III.D.  When asked about his choice of forum at the September 20, 2022 conference, Plaintiff merely reiterated his position that venue in this District is *proper* (regardless of whether it is convenient) because NY Life is located here.  9/20/22 Tr. at 5:10-5:15.  But, as noted above, *see supra* III.D, NY Life only acquired LINA in December 2020, just three or four months before LINA decided to terminate Plaintiff's benefits, and thus NY Life likely has little to add to the facts underlying this dispute.  Thus, "Plaintiff's choice of forum is entitled to little to no weight."  *Nuss*, 2021 WL 1791593, at *3; *see Paulson*, 614 F. Supp. 3d at 7 ("Here, Paulson's choice of forum is not entitled to great weight because this District is not her home, nor are the operative facts tied to this District.").

I.      **Trial Efficiency and the Interests of Justice**

This case is still in its early stages.  No formal discovery has occurred, and while Defendants have answered, they have also filed a dispositive motion.  Accordingly, transferring

the case would not cause any prejudice to Plaintiff or harm judicial economy.  *See Frame v. Whole Foods Mkt. Inc.*, No. 06 Civ. 7058 (DAB), 2007 WL 2815613, at *7 (S.D.N.Y. Sept. 7, 2007); *see also W.P.V.*, 2023 WL 1991426, at *8; *Barry v. United States*, No. 21 Civ. 7684 (BCM), 2022 WL 4467504, at *8 (S.D.N.Y. Sept. 26, 2022).

In terms of the interests of justice, the District of Utah is clearly the proper forum to hear this case.  Plaintiff resides in that District and all of the operative facts giving rise to his claims occurred in that District.  In contrast, nothing of relevance occurred in the Southern District of New York.  When an ERISA case lacks a strong connection between the district of filing and the operative facts, this last factor favors transfer.  *Nuss*, 2021 WL 1791593, at *9-10.[5]

\* \* \*

In sum, all of the factors either favor transfer or are neutral, with both of the primary factors—the convenience of witnesses and locus of operative factors—favoring transfer, and with Plaintiff's choice of forum entitled to diminished (if any) deference.  As such, the Court finds that transfer to the District of Utah is appropriate under 28 U.S.C. § 1404(a).

---

[5] Although Defendants have not argued that Plaintiff is forum shopping, Plaintiff has failed to provide any reason for bringing this case in New York as opposed to other seemingly more convenient venues.  In fact, not even Plaintiff's counsel resides in this District.  *See* Pl. Witness List ¶ 3 (noting that Plaintiff's current counsel resides in Chattanooga, Tennessee, and Plaintiff's former counsel resides in Houston, Texas).  All this taken together suggests that Plaintiff's choice of forum may have been motivated by a desire to "capitalize" on what he perceives as favorable Second Circuit ERISA precedent.  *See Nuss*, 2021 WL 1791593, at *4.

## IV. Conclusion

For the foregoing reasons, Defendants' motion to transfer this case to the District of Utah is granted. Because this case should be heard in another district, the Court does not reach the merits of Defendants' arguments in support of dismissal, *see* Defts. Br. at 1-12. Accordingly, that portion of the motion is denied without prejudice to being refiled in the District of Utah in accordance with the rules of the judge to whom the case is ultimately assigned. The Clerk of Court is respectfully directed to close Docket Number 33 and to transfer this case to the District of Utah.

SO ORDERED.

Dated: September 22, 2023
New York, New York

_____
JOHN P. CRONAN
United States District Judge